Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:
PPS 77 LLC,

                            Debtor.

-----------------------------------------------------------x

Chapter 11
Case No. 24-12445 (LGB)

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

ERIC BROWN, hereby declares as follows under penalty of perjury:

1. I am a Manager of PPS 77 LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

2. The Debtor is a New York limited liability company engaged in the operation of a parking garage located at 433 East 76th Street, New York, NY 10075 (the "Garage" or "Premises").

3. On December 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor intends to remain in possession of its property and to continue to manage its business and affairs as a debtor-in-possession.

4. The Debtor sought protection under the Bankruptcy Code as a result of its receipt of a Five (5) Day Notice of Default and Opportunity to Cure dated December 13, 2024 from Route 97 Realty LLC ("Route 97 Realty"), which provided that a payment of $150,000 was

required to cure alleged lease defaults. Prior thereto, Route 97 Realty, an entity that I had owned with my brother, owned the Garage. We had retained the Debtor to operate the Garage. In the interim Route 97 Realty had borrowed approximately $1,500,000 from Brovha Capital, LLC. to make necessary improvements to the premises and, in furtherance thereof, had retained counsel to negotiate the loan documentation. Unfortunately, Route 97 Realty fell behind in its payments to Brovha Capital LLC. My brother and I were unaware that the signed loan documentation provided for my surrender of all of our ownership interests in Route 97 Realty as a consequence of an uncured payment default. Brouha Capital LLC has since terminated my brother and I as managers of the Premises and have taken control of the Premises. We are in the process of negotiating with Brovha to resolve the debt obligation. The Premises have been appraised at a low of $8,750,000 (which has been offered by an arm's length third party to purchase the Premises) to as much as $9,500,000. The Premises is subject to two mortgages totaling approximately $9,300,000 owed to the first mortgage holder (Golden Bridge R2 LLC; of approximately $7,200,000) and to the second mortgage holder (Equity Funding LLC; of approximately $2,100,000) and is subject to unpaid real estate taxes totaling approximately $1,050,000.

   5. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

   6. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, is being filed with the Court along with this declaration.

7. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which is being filed with the Court along with this declaration.

8. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which is being filed with the Court along with this declaration.

9. Pursuant to LBR 1007-2(a)(7), the issued and outstanding equity interests in the Debtor are all privately held.

10. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-2(a)(9), the only real property owned, leased or held by the Debtor is the Garage.

12. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located at 6 Beaverbrook Road, Yulan, New York 12732.

13. Pursuant to LBR 1007-2(a)(11), to the best of my knowledge and belief, the only pending or threatened action or proceeding against the Debtor is a potential non-payment proceeding with respect to the Garage as discussed above.

14. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself and my brother, Ian Brown, as the Managers and sole members of the Debtor.

15. Pursuant to LBR 1007-2(b)(1), the Debtor presently has seven (7) full-time employees and one (1) part-time employee. The Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be

approximately $20,000.

16. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the managers and members of the Debtor is $0.

17. Pursuant to LBR 1007-2(b)(3), the Debtor anticipates that it will have gross receipts totaling approximately $86,500 during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period (inclusive of payroll and taxes) should total approximately $80,000.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

19. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2025

_____
ERIC BROWN