Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

PPS 77 LLC,                                                  Chapter 11
                                                            Case No. 24-12445 (LGB)

                              Debtor.
-------------------------------------------------------x

## APPLICATION FOR AUTHORITY TO RETAIN
## PICK & ZABICKI LLP AS COUNSEL TO THE DEBTOR

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

PPS 77 LLC, the debtor and debtor-in-possession herein (the "Debtor"), as and

for its application (the "Application") for entry of an Order, pursuant to § 327(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and in substantially the same form as attached

hereto as *Exhibit "A"*, authorizing the retention of the law firm Pick & Zabicki LLP ("P&Z") as

its counsel in connection with this case, respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this case and the Application pursuant to

28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court

Judges. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and

venue is proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the

relief sought herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 6003.

## BACKGROUND

2.    The Debtor is a New York limited liability company engaged in the operation of a parking garage located at 433 East 76th Street, New York, NY 10075.

3.    On December 26, 2024 (the "Petition Date"), the Debtor filed a *pro se* voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered.  The Debtor intends to remain in possession of its property and to continue to manage its affairs as a debtor-in-possession.

4.    On January 13, 2025, P&Z filed a notice of appearance as proposed counsel to the Debtor in this case.

5.    On January 24, 2024, and with P&Z's assistance as proposed counsel, the Debtor filed its Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs pursuant to Bankruptcy Rule 1007(b) (collectively, and as amended from time to time, the "Schedules").  A motion seeking to set a deadline for the filing of proofs of claim on account of pre-petition obligations of the Debtor was filed on January 27, 2025.

## RETENTION OF P&Z

6.    During the pendency of this chapter 11 case, the Debtor will require experienced Bankruptcy Counsel to, *inter alia*:

(a)    advise the Debtor with respect to its rights and duties as a debtor-in-possession;

(b)    assist and advise the Debtor in the preparation of its financial statements, schedules of assets and liabilities, statement of financial affairs and other reports and documentation required pursuant to the Bankruptcy Code and the Bankruptcy Rules;

(c)    represent the Debtor at all hearings and other proceedings relating to its affairs as a chapter 11 debtor;

(d)    prosecute and defend litigated matters that may arise during this chapter 11 case;

(e)    assist the Debtor in the formulation and negotiation of a plan of reorganization and all related transactions;

(f)    assist the Debtor in analyzing the claims of creditors and in negotiating with such creditors;

(g)    prepare any and all necessary motions, applications, answers, orders, reports and papers in connection with the administration and prosecution of the Debtor's chapter 11 case; and

(h)    perform such other legal services as may be required and/or deemed to be in the interest of the Debtor in accordance with its powers and duties as set forth in the Bankruptcy Code.

7.    After due deliberation, the Debtor has determined that its interests and those of its creditors would best be served by the retention of P&Z as its counsel to render such legal services as may be necessary and appropriate in connection with this chapter 11 case. The Debtor submits that P&Z possesses extensive knowledge and expertise in the areas of law relevant to this chapter 11 case and that P&Z is well qualified to represent the Debtor in these proceedings.

8.    Except as may be specifically set forth in the declaration of Douglas J. Pick, a member of the firm, attached hereto as *Exhibit "B"*, P&Z is not connected with the Debtor, its creditors, its equity interest holders, other parties-in-interest, the Office of the United States Trustee, or the Honorable Lisa G. Beckerman or any member of Her Honor's chambers staff. As further set forth in Mr. Pick's declaration, P&Z does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent any interest materially adverse to the Debtor, its estate, or any class of creditors or equity interest holders of

3

the Debtor with respect to the matters upon which it is to be engaged. Accordingly, the Debtor believe that P&Z is a "disinterested person" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

9.    P&Z agrees to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and applicable law.

10.    P&Z is willing to be retained by the Debtor as its counsel and to be compensated for its professional services on an hourly basis. P&Z will bill the Debtor for such services at its normal hourly rates which are presently: $475.00 to $565.00 per hour for partners; $250.00-$385.00 per hour for associates; and $125.00 per hour for paraprofessionals. These rates may be subject to adjustment from time to time. P&Z will also seek reimbursement for all out-of-pocket disbursements including, but not limited to: filing fees; research fees; pacer charges; photocopying; postage; hand-deliveries; facsimile transmissions; and overnight mail deliveries.

11.    Upon filing and due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that P&Z commence work immediately. P&Z began rendering services to the Debtor on the Petition Date and has continued to do so thereafter. Accordingly, the Debtor requests that P&Z's retention be approved as of the Petition Date.

12.    Subsequent to the Petition Date, P&Z received a $15,000 professional retainer and a $2,500 advance for expenses and filing fees in connection with the legal services to be rendered and the expenses and disbursements to be incurred by P&Z as counsel to the Debtor in this case. Said amounts were paid to P&Z by non-debtors PPS 37th Avenue LLC ($15,000.00 professional retainer received by P&Z on January 2, 2025) and Brown Brothers

Group LLC ($2,500.00 advance for expenses (including the $1,738.00 filing fee which P&Z paid

on behalf of the Debtor) received by P&Z on January 10, 2025). A declaration consistent with

*Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr. S.D.N.Y. 1998) with respect to said third-party

payments is attached hereto as *Exhibit "C"*. Said amounts will be held by P&Z pending the

entry of an Order approving P&Z's legal fees and expenses incurred on or after the Petition Date.

## **CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests that an order be entered

authorizing it to retain P&Z as his counsel in this proceeding, and granting such other and further

relief as the Court deems just and proper.

Dated: February ___, 2025

PPS 77 LLC
Debtor-In-Possession

By: _____
Eric Brown, Manager