**EXHIBIT B**

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:
PPS 77 LLC,                                                     Chapter 11
                                                               Case No. 24-12445 (LGB)

                                    Debtor.
----------------------------------------------------------x

### DECLARATION OF DOUGLAS J. PICK IN SUPPORT
### OF APPLICATION FOR AUTHORITY TO RETAIN
### PICK & ZABICKI LLP AS COUNSEL TO THE DEBTOR

DOUGLAS J. PICK, hereby declares, under penalty of perjury, as follows:

1.      I am a member of Pick & Zabicki LLP ("P&Z"), which maintains offices

for the practice of law at 369 Lexington Avenue, 12th Floor, New York, New York 10017. I am

familiar with the matters set forth herein, and make this affidavit in support of the application

(the "Application") of PPS 77 LLC, the debtor and debtor-in-possession herein (the "Debtor"),

for authority to retain P&Z as its counsel in connection with this case.

2.      P&Z did not represent the Debtor prior to P&Z's proposed retention as

Debtor's bankruptcy counsel in this case.

3.      The Debtor's management and membership consists of Eric Brown and

his brother Ian Brown (50/50). P&Z had previously represented Ian Brown and Simona Brown

(the wife of Eric Brown) in connection with a prior chapter 7 bankruptcy case filed with this

Court by Eric Brown (*see In re Eric Brown*, Bankr. S.D.N.Y. Case No. 13-12528 (MEW);

*Pereira, as Chapter 7 Trustee for the Estate of Eric Brown v. Simona Brown*, Bankr. S.D.N.Y.

Adv. Proc. No. 16-01049 (MEW)). The referenced adversary proceeding was dismissed in June 2021 as a result of a settlement thereof approved by this Court. The Chapter 7 Trustee filed his final report in July 2021 and the chapter 7 case was subsequently closed in February 2022.

4.     Also, beginning in or about September 2012, and from time to time thereafter, P&Z had represented and/or provided legal advice to Eric Brown with respect to legal matters involving him personally and/or involving entities in which he had an interest or affiliation. Most recently, from late 2021 into early 2022, P&Z had provided legal advice to Mr. Brown with respect to an adversary proceeding in which he had been named as a defendant (*see Signature Lien Acquisitions III LLC v. Jewish Board of Family and Children's Services, Inc., et al. (In re SPL Partners LLC)*, Bankr. E.D.N.Y. Adv. Proc. No. 23-01078 (ESS)). P&Z did not make any appearance for Mr. Brown in said case. P&Z has not represented Eric Brown, Ian Brown, Simona Brown or any other persons or entities with which they may be affiliated since that time and will not do so while serving as counsel to the Debtor. Neither Eric Brown, Ian Brown or Simona Brown are listed as creditors of the Debtor on its schedules filed in this case.

5.     P&Z is willing to be retained by the Debtor as its counsel on an hourly basis and will bill at its normal hourly rates which are presently: $475.00-$565.00 per hour for partners; $250.00-$385.00 per hour for associates; and $125.00 per hour for paraprofessionals. These rates may be subject to adjustment from time to time. P&Z will also seek reimbursement for all out-of-pocket disbursements including, but not limited to: filing fees; research fees; pacer charges; photocopying; postage; hand-deliveries; facsimile transmissions; and overnight mail deliveries.

6.     In the event that the firm's billing rates increase then P&Z shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor,

the United States Trustee and any official committee which supplemental affidavit shall explain the basis for the requested rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code

        7.     No agreement exists to share any compensation received by P&Z for its services with any other person or firm.  No promises have been received by P&Z or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

        8.     P&Z agrees to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and applicable law.

        9.     I have reviewed the schedules of creditors filed by the Debtor.  To the best of my knowledge and based upon due inquiry, except as may be set forth herein, P&Z has not represented any of the parties related to the Debtor, its creditors and other parties-in-interest. Although I have attempted to identify all such representations, it is possible that P&Z may have represented certain of the Debtor's creditors or other entities that consider themselves parties-in-interest in matters unrelated to this chapter 11 case.  P&Z has not, does not, and will not represent any such entities, or their respective affiliates or subsidiaries, in matters related to the Debtor or his chapter 11 case.

        10.    To the best of my knowledge and information, formed after a reasonable inquiry, and except as set forth herein,  P&Z is not connected with the Debtor, its creditors, its equity interest holders, other parties-in-interest, the Office of the United States Trustee, or the

Honorable Lisa G. Beckerman or any member of Her Honor's chambers staff. Further, P&Z and/or its partners do not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate, or any class of creditors or equity interest holders of the Debtor. Based upon the information available to me, I believe that P&Z is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

11. Due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that P&Z commence work immediately. P&Z began rendering services to the Debtor on the Petition Date (*i.e.*, December 26, 2024) and has continued to do so thereafter.

12. Subsequent to the Petition Date, P&Z received a $15,000 professional retainer and a $2,500 advance for expenses and filing fees in connection with the legal services to be rendered and the expenses and disbursements to be incurred by P&Z as counsel to the Debtor in this case. Said amounts were paid to P&Z by non-debtors PPS 37th Avenue LLC ($15,000.00 professional retainer received by P&Z on January 2, 2025) and Brown Brothers Group LLC ($2,500.00 advance for expenses (including the $1,738.00 filing fee which P&Z paid on behalf of the Debtor) received by P&Z on January 10, 2025). Said amounts will be held by P&Z pending the entry of an Order approving P&Z's legal fees and expenses incurred on or after the Petition Date.

4

13.   I hereby declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February __17__, 2025

_____
DOUGLAS J. PICK

5