Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:
PPS 77 LLC,                                                                         Chapter 11
                                                                                              Case No. 24-12445 (LGB)

                                    Debtor.
---------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER SCHEDULING EXPEDITED
HEARING AND SHORTENING NOTICE WITH RESPECT TO MOTION
FOR AN ORDER GRANTING PICK & ZABICKI LLP LEAVE TO
<u>WITHDRAW AS PROPOSED COUNSEL TO THE DEBTOR</u>**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

   Pick & Zabicki LLP ("P&Z"), as and for its motion (the "Motion to Expedite") for entry of an Order, in substantially the same form as attached hereto as *Exhibit "A"*, scheduling an expedited hearing and shortening time for notice of hearing on P&Z's amended motion, dated February 20, 2025 (the "Withdrawal Motion") (ECF No. 28), for entry of an Order, pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), granting P&Z leave to withdraw as proposed counsel to debtor PPS 77 LLC (the "Debtor"), respectfully represents and alleges as follows:

**BACKGROUND**

   1.  As more fully discussed in the Withdrawal Motion, on January 13, 2025, P&Z filed a notice of appearance as proposed counsel to the Debtor in this case. Thereafter, on

February 13, 2025, the Debtor filed an application, by notice of presentment, seeking authorization to retain P&Z as its counsel pursuant to § 327(a) of the Bankruptcy Code.

2. On December 30, 2024, the United States Trustee for Region 2 (the "U.S. Trustee") filed a motion seeking to convert the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, alternatively to dismiss this case (ECF No. 4). As the Court is further aware, on February 10, 2025, Brovha Capital LLC filed a motion requesting relief from the automatic stay and joined in the U.S Trustee's motion (ECF No. 20). The Debtor's opposition papers with respect to the motions must be filed by February 20, 2025. A hearing with respect to the motions is presently scheduled to be held on February 27, 2025.

3. P&Z has endeavored in good faith to assist the Debtor in preparing responsive papers to the pending motions and to take other actions in keeping with its duties and responsibilities as a debtor-in-possession. Unfortunately, and for reasons which P&Z cannot fully disclose due to the attorney-client privilege, disputes and an inability to communicate effectively have arisen between the Debtor and P&Z as to how best to move forward. As a result, P&Z does not believe that it can continue to serve as counsel to represent the Debtor as counsel as in this case. I advised the Debtor (through Eric Brown) this morning that P&Z would be seeking leave from this Court to withdraw as his counsel and that the Debtor should immediately make arrangements to retain substitute counsel to represent the Debtor in this case. Accordingly, P&Z filed the Withdrawal Motion.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

4. Local Bankruptcy Rule 9006-1 provides, in relevant part, that "[e]xcept as otherwise ordered by the Court, or required by the Bankruptcy Rules, all other motion papers shall be served at least fourteen (14) days before the return date…" Bankruptcy Rule 9006(c)(l)

provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here.

5. By this Motion to Expedite, P&Z respectfully requests that the Court schedule an expedited hearing on February 27, 2025 at 10:00 a.m. and limit time for notice of hearing on the Withdrawal Motion. P&Z contends that it is essential that a hearing on shortened time be held on the Withdrawal Motion given the pending motions to convert, dismiss and/or vacate the automatic stay in this case. Accordingly, P&Z submits that cause exists for the Withdrawal Motion to be heard on an expedited basis and on shortened notice.

6. This the Withdrawal Motion and the Motion to Expedite have been/will be electronically filed via the Court's ECF System. Notice of said filing will be sent via e-mail to all parties receiving such notice by operation of the ECF System. Parties may access said filing through the ECF System. P&Z further proposed to serve the Withdrawal Motion, along with the Order scheduling an expedited hearing, on the Debtor via e-mail. P&Z respectfully submits that such notice with respect to the relief requested in this Motion to Expedite is sufficient under the circumstances.

## CONCLUSION

7. Based upon the foregoing, it is respectfully requested that the Court grant the Motion to Expedite in its entirety along with such other and further relief as may be just and proper.

Dated: New York, New York
February 20, 2025

                              **PICK & ZABICKI LLP**
                              Counsel to the Debtor

            By:    */s/Douglas J. Pick*
                    Douglas J. Pick
                    369 Lexington Avenue, 12th Floor
                    New York, New York 10017
                    (212) 695-6000