BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (Phone)
888-908-6906 (FAX)
hbbronson@bronsonlaw.net

*Proposed Counsel to Debtor*
*and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

PPS 77 LLC,

                      Debtor.
-------------------------------------------------------x

Chapter 11

Case No. 24-12445 (lgb)

## OBJECTION TO BROHVA CAPITAL LLC'S MOTION TO LIFT THE STAY AND JOINDER TO DISMISSAL

PPS **77** LLC (the "Debtor"), by its proposed counsel, Bronson Law Offices, P.C., as and for its objection to the motion ("Motion") by Brohva Capital LLC (the "Movant") for an Order providing Movant relief from the automatic stay under §362(d) of the Bankruptcy Code to permit Movant to enforce its rights with respect to the property at 434 East 77th Street, New York, NY 10076 ("Property") and granting such other and further relief as may be just and proper, respectfully states and alleges as follows:

### BACKGROUND

1. The Debtor filed this case for relief under Chapter 11 on December 26, 2024.

2. The Debtor was formed in 2020 to operate a parking garage. On January 2, 2022, the Debtor entered into a lease agreement with the owner of the Property, Route 97 Realty LLC. A copy of the lease agreement is attached as "Exhibit A".

3. There is a dispute and a pending lawsuit in the Supreme Court of New York County at

Index No. 659326/2024 that is referred to in the Motion. At issue is whether a transaction for $1,500,000 constituted a loan from Brohva Capital LLC to Route 97 LLC or a sale and transfer of the ownership interest of Route 97 Realty LLC.

4. The Motion references an interim order, dated November 27, 2024, which is an order to show cause seeking a temporary restraining order. This is not a final order and does not indicate a final judicial ruling with respect to the issues in that case.

5. Indeed, as the order to show cause dated December 24, 2024, attached to the Motion as indicates the Supreme Court has scheduled a hearing for March 27, 2025, with respect to these issues.

6. The Debtor is not as the Motion suggests asking the Court to "re-litigate" the issue of whether this was a transfer. This issue was never litigated, as the Supreme Court has not entered any final orders.

7. Notwithstanding the ownership of Route 97 LLC the Debtor has a valid and enforceable lease interest in the Property that is necessary for the Debtor's reorganization. The Complaint Movant filed in the Supreme Court makes no reference to the lease.

8. The Supreme Court's interim orders also make no reference to the Debtor's lease, despite the fact that the license for operating the garage is also in the name of the Debtor and was granted pursuant to the production of the valid lease.

9. The Motion makes no legal argument that supports lifting the stay to interfere with the Debtor's contractual rights pursuant to the lease. The only claim is that the Debtor's principal made the lease when he was the owner of the Property. This is not entirely accurate nor is it relevant, as Property owners often grant leases to entities they have interest in and it does not affect the legality of the lease.

10. Debtor intends to make monthly rent payments cure and assume the lease within the

time allowed by 11 U.S.C.§ 365.

11. The title of Movant's Motion indicates that it joins in the motion of the United States Trustee's Office ("UST") to dismiss or convert the Debtor's case to chapter 7. However, the Motion makes no reference to the UST's motion. The Debtor has now cured or will by the date of the hearing have cured all of the deficiencies that were the basis of that motion.

12. Accordingly, the Motion should be denied as the Movant seeks to lift the stay to circumvent Debtor's leasehold rights and the stay should not be lifted.

## LEGAL ARGUMENT

The Motion cites 11 U.S.C.§362(d)(2) in support of its request for relief from stay to continue its turnover proceeding and makes two arguments in favor of the Court finding cause under this section. First, the Motion argues that the Debtor has no right to operate the Property, which it clearly does under the terms of the lease. Second, the Motion argues that there is cause to lift the stay because it claims the Debtor generates no income based on the Debtor's schedules. To the extent the Debtor requires additional capital at this time to make payments under the lease the Debtor's principal has indicated he will contribute the necessary funds. The Debtor's income and expenses are detailed in the Debtor's monthly operating reports that will be filed shortly.

This Court's case law explicitly denies relief from stay prior to the expiration of the Debtor's time to cure the lease pursuant to 11 U.S.C.§365. *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63 (Bankr. S.D.N.Y. 2010); *In re Mad Lolo LLC*, No. 09-11911 (MG), 2009 Bankr. LEXIS 1333 (Bankr. S.D.N.Y. May 28, 2009). Here the Debtor has until April 25, 2025, at least to assume the lease and cure the outstanding amounts under the lease under 11 U.S.C. §365. Accordingly, because the Debtor will pay post-petition rent and cure the outstanding amounts in

sufficient time as required by under 11 U.S.C. §365 there is no cause to lift the stay for unpaid rent.

### A. The Sonnax Factors

The Motion lists what it states are the "relevant" *Sonnax* factors that were established by the Second Circuit for determining sufficient cause to grant relief from stay. *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus. Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). First, it claims that lifting the stay would completely resolve the issues. This is not the case because as noted the Supreme Court case does not deal with the Debtor's leasehold interest in the Property and the Supreme Court has not made significant progress in the action.

Second, the Motion claims the Supreme Court case is a two-party dispute that will not interfere with the Debtor's bankruptcy case. However, it is clear that the intention of the Supreme Court case is to interfere with the Debtor's leasehold interest and to allow Movant to take over the Property. The ownership of the entity that owns the Property where the Debtor operates its parking garage is the nature of the dispute of the lawsuit and

Third, it acknowledges that the Debtor is not a fiduciary in the Supreme Court case and states that this factor is neutral, when it is clear that this factor is irrelevant.

Fourth, Movant argues the Supreme Court should be treated as a specialized tribunal in applying the *Sonnax* factor. This argument does not have merit, particularly where the Bankruptcy Code has specific provisions for the handling of leases, the Bankruptcy Court is clearly more suited to determine these issues. The fifth factor of insurance is also irrelevant.

The lack of any connection with or interference with the bankruptcy case and the balancing of the harms. *See id.* Movant claims that the Debtor's post-petition "breach" has nothing to do with the bankruptcy case and that the Movant has been harmed by the automatic stay. The sixth factor, whether the action primarily involves third parties references Movant and

the Debtor's principal and no third parties but states that the bankruptcy was filed improperly to avoid the turnover order. Once again this was not a final order but simply an order to show cause which failed to account for the Debtor's lease.

Movant's analysis of the eighth factor is simply inaccurate. At least eight other creditors listed on the Debtor's petition would be prejudiced by lifting the stay, if Movant succeeds in interfering with the lease and frustrating the Debtor from operating its parking garage business the Debtor will have no ability to repay its creditors. Factors nine and ten are irrelevant. Factprs eleven and twelve indicate that the Supreme Court will be able to dispense with this matter quickly, however, review of the Supreme Court docket does not indicate that any discovery has been completed or that any trial has been set. Finally, on the last factor there are other significant creditors who would be harmed by lifting the stay and the Debtor does have rights notwithstanding the outcome of the Supreme Court case with respect to the lease.

Accordingly, it is clear that the *Sonnax* factors do not weigh in favor of lifting the stay. Without the use of the lease premises the Debtor has no business and no ability to fund a plan of reorganization to pay its creditors. As such, the balance of the harms also weighs in favor of the Debtor and against lifting the stay.

### B. Bad Faith

The Motion argues that this case was filed in bad faith and in support of this claim states that the factors support this finding. That is not supported by the factors as discussed above. Additionally, these factors are not used to support a finding of bad faith which is reserved for egregious cases. *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309 (Bankr. S.D.N.Y.). Accordingly, for the reasons stated none of the arguments made in the Motion are sufficient to establish cause to lift the stay at this juncture.

**WHEREFORE**, the Debtor respectfully requests that this Court deny the Motion and allow the automatic stay to remain in full effect until such time as the Debtor cures or rejects the lease; and grant such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
March 11, 2025

**BRONSON LAW OFFICES, P.C.**

*/s/ H. Bruce Bronson*
H. Bruce Bronson, Esq.
480 Mamaroneck Avenue
Harrison, NY 10528